# GABRIELLI LAW GROUP

2426 EASTCHESTER ROAD. • SUITE 103 • BRONX, NEW YORK 10469
PHONE (718) 708-5322 • FAX (718) 708-5966
E-MAIL: michael@gabriellilaw.com. • WWW: www.gabriellilaw.com

October 14, 2019

*Via ECF*

Hon. John G. Koeltl
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

        Re:    *Mason v. Reed's Inc. d/b/a Virgil's Sodas*
                *Case No. 1:18-cv-10826-JGK*

Dear Judge Koeltl:

      The undersigned represents the Plaintiff in connection with the above-referenced matter.

      This morning, I received a disturbing email from the expert witness I had previously obtained in connection with this matter, Dr. Marc Meyers. Apparently, Dr. Meyers was contacted directly via email by counsel for the Defendant herein, David Scharf, without my knowledge or consent. A copy of the email is annexed hereto as **Exhibit A**.

      As Your Honor will discern, the purported purpose of Mr. Scharf's email was to determine if Dr. Meyers had "actually been retained" by the undersigned. Presumably, Mr. Scharf is of the belief that I had not retained Dr. Meyers and, instead, had perpetrated a fraud upon this Court by "cutting and pasting" a prior Declaration in an unrelated matter and then submitted a forged Declaration in tandem with my client's Amended Complaint.

      In my twenty years of practice, I have never been so insulted by the conduct of an adversary. To make matters worse, Mr. Scharf did not see fit to initially address his ill-founded and paranoid concern with me initially before choosing to contact Dr. Meyers directly, nor did he see fit to initially raise the issue with the Court.

      As the Court is aware, Fed.R.Civ.P.26(b)(4) ("R.26") provides that a lawyer's permissible contact with an opposing party's expert is limited to interrogatories and, upon leave of the court, depositions.

      A leading legal ethics treatise discusses the ethical implications of communications with an adversary's expert witness, *Geoffrey Hazard & W. Hodes, The Law of Lawyering*, sec. 3.4:402 (2d ed.Supp.'94), advising that: "Since existing rules of civil procedure carefully provide for limited and controlled discovery of an opposing party's expert witnesses, all other forms of contact are impliedly prohibited." *Id*. Therefore, an attorney who engages in prohibited communications violates the attorney's ethical duty to obey the obligations of the tribunal. *Id*. Moreover, since the procedure for the discovery of

experts is well established, an attorney may also be in violation of the rule prohibiting conduct prejudicial to the administration of justice. *Id.*

In addition, the American Bar Assn. has concluded that an attorney violates an ethical duty when the attorney has ex parte contact with the opposing party's expert witness. The American Bar Assn. Formal Ethics Opinion 93-378('93) ("ABA Op") explained that although the ABA Model Rules do not explicitly prohibit ex parte contacts with an opposing party's expert witness, an attorney who engages in such contacts may violate the duty to obey the obligations of the tribunal. *Id.*; see, Model Rule 3.4(c) ('83). It reasoned that R.26 sets forth a defined procedure for an attorney to conduct discovery with respect to an opposing party's expert. Ex parte communications circumvent the discovery rules and thus violate an attorney's duty to obey the obligations of the tribunal. ABA Op. 93-378('93).

This honorable Court has an arsenal of sanctions it can impose for unethical behavior. These sanctions include monetary sanctions, contempt, and the disqualification of counsel. See, *Erickson v. Newmar Corp.*, U.S. 9th Circuit Court of Appeals, No. 94-15726 (1996).

Accordingly, based upon the above, I respectfully request that the Court impose appropriate sanctions and disciplinary action upon defense counsel.

Sincerely,

Michael J. Gabrielli, Esq.

cc: David Scharf
Gravitas Law Group
1953 E. Chapman Ave.
Fullerton, CA 92831
*Via Facsimile*
(949) 429-2249