UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ x
                                                         )

DENISE MASON, individually on )    1:18-cv-10826-JGK
behalf of herself and others similarly )
situated, )
                                                 )
                                                 )    **DEFENDANTS' MEMORANDUM**
-against- )    **IN REPLY TO PLAINTIFFS'**
                                                 )    **OPPOSITION TO MOTION TO**
                                                 )    **DISMISS FIRST AMENDED**
REED'S INC. DBA VIRGIL'S SODAS )    **COMPLAINT**
                                                 )
Defendants. )
                                                 )
------------------------------------------------------x

Defendant Reed's, Inc. ("Reed's") by and through its legal counsel, Gravitas Law Group, respectfully submits this memorandum in reply to Plaintiff's Opposition to its Motion to Dismiss the First Amended Complaint ("FAC") in the above-captioned matter.

**I.   Plaintiff's opposition should be stricken in its entirety because it ignores the allegations in the FAC and improperly argues facts outside of the pleadings that are not subject to judicial notice.**

Plaintiff's opposition rarely mentions the FAC at all, instead she argues matters that are not alleged in the FAC. While the court deciding a defendants' motion to dismiss plaintiff's complaint under Fed. R. Civ. P. 12(b)(6), may

1

consider materials submitted by defendants of which court could take judicial notice pursuant to Fed. R. Evid. 201(b). The fact the court has taken judicial notice of some fact that is beyond reasonable dispute does not necessarily convert the motion to one for summary judgment. *Roe v. Johnson*, 334 F. Supp. 2d 415, 16 Am. Disabilities Cas. (BNA) 336 (S.D.N.Y. 2004). Defendant invites the court to exercise its discretion in this case to strike the Plaintiff's opposition in its entirety and adjudicate the motion based on the FAC and defendant's briefs.

**II.     Plaintiff's twenty-nine-page opposition actually invalidates the factual basis for her claim that Citric Acid is a synthetic ingredient by arguing that any classification of Citric Acid as a natural ingredient by the USDA is irrelevant.**

The factual basis for Plaintiff's claim that Citric Acid is "synthetic" and is not a "natural ingredient" in the FAC relies upon a 1995 "Technical Evaluation Report" ("TER") commissioned by the United States Department of Agriculture, Agriculture Marketing Service ("USDA AMS") for the National Organic Program. Plaintiff incorporated the USDA's 1995 TER and attached a copy to her FAC. (See Plaintiff's FAC at pp. 10-11; ¶¶ 55-60 and Exhibit C attached to the FAC, the 1995 Technical Evaluation Report ("TER").).

Defendant moved to dismiss all causes of action that are premised on Plaintiff's claim that Citric Acid is not a natural ingredient by requesting that the court take judicial notice of the 2016 enactment of CFR 7:205.605 codifying the classification of Citric Acid as a natural ingredient acceptable for use in organic products and the 2015 USDA AMS study that statute was based on conclusively

determining Citric Acid is a non-synthetic, natural ingredient.

Plaintiff opposed Defendant's motion to dismiss by asserting that any classification of Citric Acid by the USDA is irrelevant because only the FDA can determine whether or not Citric Acid is a natural ingredient for purposes of labeling.  Plaintiff's argument against dismissal thereby refuted the validity of the factual basis for her own claim that Citric Acid is a synthetic ingredient in the FAC.

It must be noted that instead of arguing the sufficiency of the FAC, Plaintiff's opposition actually ignores the allegations of the FAC and attempts to argue the merits of its claims based on extraneous evidence.  Plaintiff actually claims that the U.S. Food & Drug Administration ("FDA") has classified the citric acid found in Reed's beverages as synthetic based on warning letters sent to other companies that in no way define the type of Citric Acid in those products.

Actually, the FDA has recognized that citric acid is, by definition, "a naturally occurring constituent of plant and animal tissues," including when it is obtained "by mycological fermentation" or "from Aspergillus Niger fermentation," 21 C.F.R. § 184.1033(a) (emphasis added), the same process to which Plaintiffs refer in the FAC.  Likewise, citric acid "produced by microbial fermentation of carbohydrate substances" is by definition a "nonsynthetic" ingredient that may be labeled as "organic." 7 C.F.R. § 205.605(a). Plaintiffs offer no facts or explanation how—particularly in light of these federal regulations—the citric acid in

Defendant's Root Beer and Orange Cream Soda nevertheless meets any reasonable consumers' unspecified definition of "artificial."

Here too, Plaintiff fails to specify what type of citric acid Reed's uses in its beverages, and even if she had done so, she fails to plead facts supporting the conclusion that the citric acid manufacturing process referenced in their FAC results in anything "artificial."

Instead, the Amended Complaint contains nothing more than "unsupported conclusory factual allegations," *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013) and "naked assertions devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal quotation omitted). Accordingly, the Amended Complaint should be dismissed for failure to state a claim. See, e.g., *Ibarrola v. Kind, LLC*, 83 F. Supp. 3d 751, 756 (N.D. Ill. 2015) (dismissing claim where plaintiff "never explain[ed] what exactly she understood the statement 'no refined sugars' to mean when she purchased the" product at issue, and plaintiff's assertion that "she understood 'no refined sugars' to mean that" the product "contained only 'naturally occurring' sugars that had not been refined at all" was "not plausible"); *Toulon v. Cont'l Cas. Co.*, 877 F.3d 725, 734, 739 (7th Cir. 2017) (affirming dismissal of fraudulent misrepresentation claims, because plaintiff "has failed to adequately explain" or "allege how the [challenged] statements . . . are false," and therefore "failed to adequately allege that [defendant] engaged in a deceptive act or practice"); Woods v. Maytag Co., No. 10-cv-0559, 2010 WL

4314313, at *16 (E.D.N.Y. Nov. 2, 2010) ("Courts routinely dismiss claims under GBL § 349 where the allegations are insufficiently specific to establish a deceptive practice.") (collecting cases); *Daniel v. Mondelez Int'l, Inc.*, 287 F. Supp. 3d 177, 194 (E.D.N.Y. 2018) (dismissing GBL §§ 349 and 350 claims because "Plaintiff has failed to sufficiently plead a material misrepresentation").

As Reed's has set forth, Plaintiffs have not sufficiently pled an actionable misrepresentation because their Amended Complaint:

1) Fails to allege what they or consumers understand "artificial" to mean,

2) Fails to link the "fermentation" process alluded to in the FAC to the citric acid actually contained in Reed's products, and

3) Fails to explain why that fermentation process renders the resulting citric acid "artificial."

The logical effect of Plaintiff's opposition is readily apparent, and all claims alleged in the FAC that are dependent on her unsupported allegation that citric acid is a synthetic ingredient should be dismissed.

**III. The FAC and the opposition both fail to allege that the Virgil's sodas Plaintiff purchased actually contained any "microorganisms", "microbials", "funguses" or anything else to be controlled or affected in any measurable way by the addition of Citric Acid.**

Defendant has demonstrated that it would be unreasonable for any consumer to believe that citric acid is not a natural ingredient. Plaintiff's FAC and her opposition readily admit that Reed's may be using Citric Acid in Virgil's

Root Beer or Orange Cream Soda for its effect as a flavoring not as a preservative.  Plaintiff then claims that it does not matter whether or not Citric Acid is added for flavor since even if it was added for flavor it would also act to control any microorganisms, microbials and/or funguses present in food products. However, neither the FAC nor the opposition claims that the Virgil's sodas the Plaintiff purchased actually contained any "microorganisms", "microbials", "funguses" or anything else to be controlled or affected in any measurable way by the addition of Citric Acid.

  Plaintiff alleges that the Citric Acid added to Virgil's sodas functions as a preservative because it "tends" to prevent or retard the deterioration of food products. Thus, it is not necessary that it function as a preservative in every single instance for it to qualify as a preservative according to the FDA's definition, so long as this is its general tendency.  Plaintiff goes on to claim that citric acid does, as a matter of fact, function as a preservative in the Products. Plaintiff offers this conclusion as a fact but fails to provide any facts alleging that Reed's used citric acid in the products for the purpose of preserving the product and fails to allege that the actual expiration date of the products purchased was actually extended by the addition of Citric Acid.

  That is too great of an inferential leap. To satisfy the pleading standards, Plaintiffs need to draw a connection between the common practical effect and the actual effect on the products purchased by Plaintiff. Even drawing all reasonable

inferences in the Plaintiffs' favor, the complaint fails to draw this nexus, and the Court cannot draw it for Plaintiffs. How could the claim that the product contains no preservatives be considered false by any consumer buying a product that contains citric acid added for the purpose of enhancing flavor that has no preservative effect on the expiration date because that product has no microorganisms, microbials, etc. in it? Given the fact that the amended complaint admits that Citric Acid may be added to soda as a flavoring combined with the fact that defendant has effectively established that Citric Acid is a natural ingredient Plaintiff has also failed to plausibly allege that Defendant made any untrue and/or misleading statements willfully, wantonly, and with reckless disregard for the truth.

Dated: October 14, 2019

Respectfully submitted,

/s/ David J. Scharf
David J. Scharf (*pro hac vice*)
GRAVITAS LAW GROUP
1953 E. Chapman Ave
Fullerton, CA 92831
Phone: (949) 887-4589
Email: david@davidscharf.org
Lead Attorney for Defendant

Certificate of Service

The foregoing document is being filed electronically and will be available for viewing and download from the ECF system. Pursuant to Local Rule 5.1.2(8)(a), the foregoing document(s) will be served on counsel for the Plaintiff, Denise Mason via a Notice of Electronic Case Filing generated by the system.

Date: October 14, 2019
/s/ David J. Scharf
David J. Scharf (*pro hac vice*)
GRAVITAS LAW GROUP